# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7133 | **DATE** | 12/23/2003 |
| **CASE TITLE** | Dugan et al vs. Stelly | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 1/20/2004 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Plaintiff's motion (Doc 3-1) for partial summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 2 4 2003 date docketed | |
| ✓ | Docketing to mail notices. | | 6 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 03 DEC 23 AM 4:00 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM E. DUGAN, DAVID SNELTEN, STEVEN M. )
CISCO, JOHN E. KENNY, JR., JOSEPH P. WARD, )
RAYMOND C. CONNERS, MAMON POWERS, JR., DAVID )
ANDERSKOW, GLEN WEEKS, JAMES M. SWEENEY as )
Trustee, MIDWEST OPERATING ENGINEERS WELFARE )
FUND, LAVERNE S. BROWN, ANGELO A. DIPAOLO, )
JAMES MILLER, MICHAEL BERNARDI, MIDWEST )
OPERATING ENGINEERS PENSION TRUST FUND, )
ROBERT J. MADDEN, JAMES MCELROY, MONTY )
HORNE, LOCAL 150 OPERATING ENGINEERS )
APPRENTICESHIP FUND, and LOCAL 150 I.U.O.E. )
VACATION SAVINGS PLAN, )
)
Plaintiffs, )
)
vs. ) 03 C 7133
)
WILL STEELY, individually and d/b/a STELCO COOLING )
TOWER CO., )
)
Defendant. )

DOCKETED DEC 2 4 2003

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Plaintiffs' unopposed motion for partial summary judgment. For the reasons set forth below, the motion is granted.



## BACKGROUND

Plaintiffs are trustees and administrators of various employee welfare benefit funds (the "Funds"). Defendant Will Stelly ("Stelly") is the owner of a company whose employees were beneficiaries of the Funds. Plaintiffs allege Stelly failed to make fringe benefit contributions to the Funds as required by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 *et seq.* On October 9, 2003, Plaintiffs filed the present action, seeking Stelly to fulfill various obligations under ERISA, including making delinquent payments to the Funds.

Unknown to Plaintiffs, on October 20, 2000, Stelly filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Middle District of Louisiana. On February 20, 2001, Stelly was discharged from his debts and his bankruptcy estate was closed. However, the final report prepared by Stelly's bankruptcy trustee, which outlined how Stelly's estate would be distributed to his creditors, did not include the Funds among the listed creditors. According to Plaintiffs, the reason why the Funds were not included among the discharged creditors is because the Funds were never notified of Stelly's bankruptcy. As such Plaintiffs claim that Stelly's obligations to the Funds were never discharged.

The subject of the present motion concerns Stelly's Answer to Plaintiff's Complaint (the "Answer"). Paragraph Nine of the Answer asserts that Plaintiffs have

no claims against Stelly, because any ERISA obligations to Funds were discharged in Stelly's bankruptcy. Plaintiffs now move for partial summary judgment that as a matter of law, Stelly's debts to the Funds were not discharged by its bankruptcy because Stelly never notified or disclosed the Funds as creditors of its estate.[1]

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the nonmoving party's case." Id. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific

---

[1] This motion was originally filed as a Motion to Strike Paragraph Nine of the Answer but was converted into a motion for partial summary judgment pursuant to this court's minute order dated December 12, 2002.

-3-

facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court must consider the record as a whole in a light most favorable to the non-moving party and draw all reasonable inferences in favor of the non-moving party. Id. at 255; Bay v. Cassens Transport Corp., 212 F.3d 969, 972 (7th Cir. 2000). With these considerations in mind, we now turn to the present motion.

## DISCUSSION

Plaintiffs argue that, because the Funds were never notified of Stelly's bankruptcy, his ERISA obligations to the Funds were never discharged. Among the duties of a debtor in bankruptcy, the debtor is required to "file a list of creditors," as well as schedules of assets, liabilities, and other indications of its financial affairs. 11 U.S.C. § 521(1). Failure to list creditors and debts as proscribed by 11 U.S.C. § 521(1) can result in those debts not being included in the bankruptcy's discharge. 11 U.S.C. § 523(a)(3)(A). In fact, "a discharge in bankruptcy does not discharge any debt not listed in the debtor's [Section 521(1)] schedule of debts unless the creditor had 'notice or actual knowledge' of the bankruptcy proceeding in time to make a timely filing in that proceeding." In re Barnes, 969 F.2d 526, 528 (7th Cir. 1992) (quoting 11 U.S.C. § 523(a)(3)(A)). In making this determination, "the debtor bears the burden of proving

-4-

that the complaining creditor obtained notice or actual knowledge of the bankruptcy in time to protect its rights." American Standard Ins. Co. of Wisconsin v. Bakehorn, 147 B.R. 480, 482 (N.D. Ind. 1992); See also Gagan v. American Cablevision, Inc., 77 F.3d 951, 968 (7th Cir. 1996) (debtor carries burden of demonstrating creditor's notice or knowledge of bankruptcy proceeding).

The Funds were not listed as creditors on Stelly's trustee's Final Report of Administration of the Estate. Plaintiffs assert that they had no notice or knowledge of Stelly's bankruptcy until after this litigation commenced. The record is devoid of any indication that the Funds were ever notified or knew of Stelly's bankruptcy prior to the closing of his bankruptcy estate.[2] For these reasons, we find that Stelly failed to meet his burden of proving that the Funds were notified or knew of his 2000 bankruptcy. We therefore hold that as a matter of law, pursuant to 11 U.S.C. § 523(a)(3)(A), Stelly's debts to the Funds were not discharged as a result of his earlier bankruptcy filing.

---

[2] Stelly has submitted neither evidence nor argument in opposition to Plaintiffs' motion.

## CONCLUSION

Based on the foregoing analysis, Plaintiff's motion for partial summary judgment is granted.

　　　　　　　　　　　　　　　　　/s/ Charles P. Kocoras
　　　　　　　　　　　　　　　　　Charles P. Kocoras
　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　United States District Court

Dated: DEC 23 2003